United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-31014
Summary Calendar

VALERIE WILSON; DONALD RAY WILSON,

Plaintiffs-Appellants,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

United States District Court for the
Middle District of Louisiana
(3:03-CV-844-M3)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Valerie and Donald Ray Wilson appeal the summary judgment awarded against their negligence and loss of consortium claims. Valerie Wilson alleges that, on 26 October 2002, she slipped and fell on a wet rug placed at the exit of a Wal-Mart store in Baton Rouge, Louisiana. There were no witnesses. She returned to the store the next day to inform the assistant manager of the alleged accident, at which time she filled out an accident report.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilson claims Wal-Mart was negligent in failing to keep the rug dry and in failing to warn patrons of its dangerous condition. She seeks damages for injuries sustained during the fall, and also for mental anguish, emotional distress, and physical pain and suffering. Her husband, Donald Ray Wilson, claims damages for loss of consortium.

The parties consented to a trial by a magistrate judge. *See* 28 U.S.C. § 636(c). As noted by the magistrate judge , the Wilsons' complaint and brief in response to Wal-Mart's summary judgment motion "are notably sparse as to the details of [Wilson's] fall". ***Wilson v. Wal-Mart Stores, Inc.***, No. 03-844-M3, at 2 (M.D. La. 8 September 2004). When deposed, Wilson admitted: when she got up after her fall, she could not tell the rug was wet; she did not see standing water on the rug; she could not explain why the rug was wet; the rug had not moved when she stepped on it prior to the fall; and she did not see any track or buggy marks near, or on, the rug.

A summary judgment is reviewed *de novo*, utilizing the same standard as the district court. *E.g.*, ***United States ex rel. Laird v. Lockheed Martin Eng'g and Sci.***, 336 F.3d 346, 350-51 (5th Cir. 2003); *see also* FED. R. CIV. P. 56(c). Under Louisiana law, in order to recover against a merchant-defendant, a plaintiff has the burden of proving *all* of the following: the condition complained of presented an unreasonable risk of harm to the claimant and was

foreseeable; the merchant either created, or had constructive notice of, the condition; and the merchant failed to exercise reasonable care. LA. REV. STAT. ANN. § 2800.6(B). In order to show "constructive notice", the claimant must prove "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care". LA. REV. STAT. ANN. § 2800.6(C)(1).

Essentially for the reasons stated in the magistrate judge's comprehensive and well-reasoned opinion, the Wilsons have failed to establish a *prima facie* case for their claims under Louisiana law. Restated, there are no genuine issues of material fact and Wal-Mart is entitled to judgment as a matter of law.

*AFFIRMED*